# IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF MISSOURI

| | |
|---|---|
| KEVIN BARBIER,<br><br>        Plaintiff,<br><br>v.<br><br>MISSOURI REAL ESTATE COMMISSION, SHERRY "LYNN" FARRELL, CYNTHIA "CINDY" FOX, WILLIAM "BILL" GRATZ, SHARON KEATING, STEPHEN KENNY, and CHARLES MISKO,<br><br>        Defendants. | No. _____ |

## COMPLAINT

### Count I
### 42 U.S.C. § 1983

COMES NOW, Kevin Barbier, by his attorney, complaining of the Missouri Real Estate Commission, to wit:

1. On March 8, 2004, Quality Rental Properties, Inc. d/b/a Barbier Agency ("Quality Rental Properties, Inc.") incorporated in the State of Illinois.

2. Quality Rental Properties, Inc. has its principal place of business in the State of Illinois at 6538 Godfrey Road, Gofrey, IL 62035.

3. Kevin Barbier is the sole shareholder, President, and Board of Directors of Quality Rental Properties, Inc., located at 6538 Godfrey Road, Godfrey, IL 62035.

4. Kevin Barbier is a citizen and resident of the State of Illinois.

5. Kevin Barbier is a licensed in the State of Illinois as a Real Estate Managing Broker (License No. 471.000816) and has been since June 27, 2011, affiliated under Quality Rental Properties, Inc.

6. That Quality Rental Properties, Inc. operates in the State of Missouri as Barbier Agency, Inc. and has done so since its incorporation on December 9, 2014.

6. Quality Rental Properties, Inc. is licensed in the State of Illinois as a Real Estate Broker Corporation (License No.478.025726) and has been since July 15, 2010.

7. Kevin Barbier is licensed in the State of Missouri as a Designated Broker Officer (License No.2014043041) and has been since December 10, 2014, affiliated under Barbier Agency, Inc.

8. Barbier Agency, Inc. is licensed in the State of Missouri as a Real Estate Corporation (License No.2014043022) and has been since December 10, 2014.

9. Missouri Revised Statutes § 339.120 created the Missouri Real Estate Commission ("MREC"), consisting of seven persons, for purposes of carrying out and enforcing the provisions of §§ 339.010 to 339.180 and §§ 339.710 to 339.860.

10. Missouri Revised Statutes § 339.130 provides that the MREC may sue and be sued in its official name.

11. The office of the MREC is located at 3605 Missouri Boulevard, P.O. Box 1339, Jefferson City, MO 65102.

12. That the MREC and its Commission Membership, consisting of seven Members appointed by the Governor of Missouri, acted under color of state law for all actions referenced in this lawsuit.

13. That non-Missouri resident real estate licensees are charged greater fees than similarly situated Missouri resident real estate licensees are charged for the identical license *renewals* and *applications*. For example, a non-Missouri citizen and resident Broker-Officer is charged $150.00 to renew his or her license (or $150.00 to apply for a Broker-Officer License), whereas a citizen and resident of Missouri resident Broker-Officer is charged $50.00 to renew his or her license (or $80.00 to apply for a Broker-Officer License).

14. That Missouri Revised Statutes § 339.060 provides that the MREC is granted authority to set the amount of the fees to which Missouri Revised Statutes §§ 339.010 to 339.180 and §§ 339.710 to 339.860 apply and such fees "shall be set at a level to produce revenue which shall not substantially exceed the cost and expense of administering Missouri Revised Statutes §§ 339.010 to 339.180 and §§ 339.710 to 339.860.

15. That the MREC and its Commission Membership, in turn, promulgated 20 CSR § 2250-5.020 under the authority of Missouri Revised Statutes § 339.060, which establishes the Licensing Fees for real estate licensees licensed in the State of Missouri, whether a Missouri or non-Missouri citizen and resident. Attached as Exhibit "A" hereto and incorporated herein is 20 CSR § 2250-5.020.

16. That the Section 1 of the Fourteenth Amendment to the U.S. Constitution provides, in part, that, "No state shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States."

17. That the U.S. Constitution, art. IV, § 2 provides, in relevant part, "The Citizens of each State shall be entitled to all Privileges and Immunities of Citizens in the

several States." *Toomer v. Witsell*, 334 U.S. 385 (1948); *Ward v. Maryland*, 79 US. 418 (1870)(licensing fee double or more for non-Maryland residents compared to Maryland residents).

18.     That non-Missouri citizens and residents have a federally protected interest in the exercise of fundamental privileges and immunities of states citizenship which are rights that are essential to interstate harmony, including engaging in commercial activity of engaging in professional real estate services.

19.     That there is not a substantial reason for the difference in treatment of Missouri and non-Missouri citizens and residents as it applies to real estate licensee renewal and application fees as aforesaid in ¶¶ 1-18.

20.     That the Commission Membership of the MREC are Sherry "Lynn" Farrell of Osage Beach, MO; Cynthia "Cindy" Fox of St. Charles, MO; William "Bill" Gratz of Jefferson City, MO; Sharon Keating of Jefferson City, MO; Stephen Kenny of Neosho, MO; and Charles Misko of St. Louis, MO, each of which are appointed for a 5-year term, and a Member of the public.

WHEREFORE, Kevin Barbier, by his attorney, prays this Court enter declaratory and injunctive relief against the MREC and Its Commission Membership enjoining enforcement and/or declaring unconstitutional 20 CSR § 2250-5.020 as promulgated by the MREC and its Commission Membership, plus costs of suit and attorney's fees pursuant to 42 U.S.C. § 1988.

### Count II
### 42 U.S.C. § 1983

COMES NOW, Kevin Barbier, by his attorney, complaining of Sherry "Lynn" Farrell, to wit:

1-20.  Kevin Barbier re-alleges and incorporates herein ¶¶ 1-20 of Count I as if fully set forth herein.

WHEREFORE, Kevin Barbier, by his attorney, prays this Court enter declaratory and injunctive relief against Sherry "Lynn" Farrell enjoining enforcement and/or declaring unconstitutional 20 CSR § 2250-5.020 as promulgated by the MREC and Sherry "Lynn" Farrell, plus costs of suit and attorney's fees pursuant to 42 U.S.C. § 1988.

### Count III
### 42 U.S.C. § 1983

COMES NOW, Kevin Barbier, by his attorney, complaining of Cynthia "Cindy" Fox, to wit:

1-20.  Kevin Barbier re-alleges and incorporates herein ¶¶ 1-20 of Count I as if fully set forth herein.

WHEREFORE, Kevin Barbier, by his attorney, prays this Court enter declaratory and injunctive relief against Cynthia "Cindy" Fox enjoining enforcement and/or declaring unconstitutional 20 CSR § 2250-5.020 as promulgated by the MREC and Cynthia "Cindy" Fox, plus costs of suit and attorney's fees pursuant to 42 U.S.C. § 1988.

### Count IV
### 42 U.S.C. § 1983

COMES NOW, Kevin Barbier, by his attorney, complaining of William "Bill" Gratz, to wit:

1-20.  Kevin Barbier re-alleges and incorporates herein ¶¶ 1-20 of Count I as if fully set forth herein.

WHEREFORE, Kevin Barbier, by his attorney, prays this Court enter declaratory and injunctive relief against William "Bill" Gratz enjoining enforcement and/or declaring unconstitutional 20 CSR § 2250-5.020 as promulgated by the MREC and William "Bill" Gratz, plus costs of suit and attorney's fees pursuant to 42 U.S.C. § 1988.

### Count V
### 42 U.S.C. § 1983

COMES NOW, Kevin Barbier, by his attorney, complaining of Sharon Keating, to wit:

1-20.  Kevin Barbier re-alleges and incorporates herein ¶¶ 1-20 of Count I as if fully set forth herein.

WHEREFORE, Kevin Barbier, by his attorney, prays this Court enter declaratory and injunctive relief against Sharon Keating enjoining enforcement and/or declaring unconstitutional 20 CSR § 2250-5.020 as promulgated by the MREC and Sharon Keating, plus costs of suit and attorney's fees pursuant to 42 U.S.C. § 1988.

### Count VI
### 42 U.S.C. § 1983

COMES NOW, Kevin Barbier, by his attorney, complaining of Stephen Kenny, to wit:

1-20.  Kevin Barbier re-alleges and incorporates herein ¶¶ 1-20 of Count I as if fully set forth herein.

WHEREFORE, Kevin Barbier, by his attorney, prays this Court enter declaratory and injunctive relief against Stephen Kenny enjoining enforcement and/or declaring unconstitutional 20 CSR § 2250-5.020 as promulgated by the MREC and Stephen Kenny, plus costs of suit and attorney's fees pursuant to 42 U.S.C. § 1988.

### Count VII
### 42 U.S.C. § 1983

COMES NOW, Kevin Barbier, by his attorney, complaining of Charles Misko, to wit:

1-20.  Kevin Barbier re-alleges and incorporates herein ¶¶ 1-20 of Count I as if fully set forth herein.

WHEREFORE, Kevin Barbier, by his attorney, prays this Court enter declaratory and injunctive relief against Charles Misko enjoining enforcement and/or declaring unconstitutional 20 CSR § 2250-5.020 as promulgated by the MREC and Charles Misko, plus costs of suit and attorney's fees pursuant to 42 U.S.C. § 1988.

DATED:  August 22, 2019                    Respectfully submitted,

By: /s/ Peter J. Maag
One of His Attorneys

|  | Peter J. Maag #6286765IL<br>Maag Law Firm, LLC<br>22 W. Lorena Avenue<br>Wood River, Illinois 62095<br>Telephone: (618) 216-5291<br>Facsimile: (618) 551-0421<br>lawmaag@gmail.com |
|---|---|