UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| KEVIN BARBIER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:19-CV-2390 CAS |
| | ) |
| MISSOURI REAL ESTATE COMMISSION, et al., | ) |
| | ) |
| Defendants. | ) |

## **MEMORANDUM AND ORDER**

This matter is before the Court on plaintiff Kevin Barbier's motion for partial summary judgment on liability pursuant to Federal Rule of Civil Procedure 56(a) (Doc. 16) and motion for preliminary injunction (Doc. 17). Defendants Missouri Real Estate Commission, Sherry Farrell, Cynthia Fox, William Gratz, Sharon Keating, Stephen Kenny, and Charles Misko oppose both motions and they are fully briefed. For the following reasons, both motions will be denied.

**I.      Background**

Plaintiff filed this action on August 22, 2019 against the Missouri Real Estate Commission and its six members ("defendants") in their official capacities pursuant to 42 U.S.C. § 1983. Plaintiff is a real estate broker who has been licensed in Illinois and Missouri since June 27, 2011 and December 10, 2014, respectively. Plaintiff is the sole shareholder and president of Quality Rental Properties, Inc. which is incorporated in Illinois, but does business in Missouri under the name "Barbier Agency, Inc." Defendants are the Missouri Real Estate Commission ("MREC") and its six members, Sherry Farrell, Cynthia Fox, William Gratz, Sharon Keating, Stephen Kenny, and Charles Misko (collectively "defendants"). The MREC is a statutorily created body for the

purpose of, among other things, granting and regulating the licensure of real estate brokers in Missouri. See Mo. Rev. Stat. §§ 339.010-.180, 339.710-.860.

Plaintiff alleges defendants "promulgated 20 CSR § 2250-5.020 under the authority of Missouri Revised Statutes § 339.060, which establishes the Licensing Fees for real estate licensees" and, in doing so, violated the Privileges and Immunities Clause of the United States Constitution by charging non-Missouri citizens higher real estate renewal and application licensing fees than they charge similarly situated Missouri citizens. Doc. 1 at ¶¶ 13-18. Plaintiff alleges defendants do not have a substantial governmental reason for the difference in treatment between Missouri and non-Missouri citizens as it applies to real estate license renewal and application fees and, as a result, 20 CSR § 2250-5.020 must be declared unconstitutional and the MREC must be enjoined from enforcing the disproportionate fees. Id. at ¶ 19. On October 20, 2019, plaintiff filed a motion for partial summary judgment and a motion for preliminary injunction.

## II. Discussion

### A. *Motion for Partial Summary Judgment on Liability*

#### 1. *Legal Standard*

The standards applicable to summary judgment motions are well settled. Pursuant to Federal Rule of Civil Procedure 56(a), a court may grant a motion for summary judgment if all of the information before the court shows "there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law." See Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

The initial burden is placed on the moving party. City of Mt. Pleasant, Iowa v. Associated Elec. Co-op., Inc., 838 F.2d 268, 273 (8th Cir. 1988) (the moving party has the burden of clearly establishing the non-existence of any genuine issue of fact that is material to a judgment in its

2

favor). Once this burden is discharged, if the record shows that no genuine dispute exists, the burden then shifts to the non-moving party who must set forth affirmative evidence and specific facts showing there is a genuine dispute on a material factual issue. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986).

Once the burden shifts, the non-moving party may not rest on the allegations in its pleadings, but by affidavit and other evidence must set forth specific facts showing that a genuine issue of material fact exists. Fed. R. Civ. P. 56(c); Herring v. Canada Life Assur. Co., 207 F.3d 1026, 1029 (8th Cir. 2000); Allen v. Entergy Corp., 181 F.3d 902, 904 (8th Cir. 1999).

2. *Discussion*

Plaintiff argues he should be granted partial summary judgment on liability because the Privileges and Immunities Clause of the United States Constitution (the "Clause") "prohibits States from discriminating against another State's citizen's unjustifiably." Doc. 16 at 4. Plaintiff cites to Supreme Court of New Hampshire v. Piper, 470 U.S. 274, 284 (1985), which states that the Clause "does not preclude discrimination against nonresidents where (i) there is a substantial reason for the difference in treatment; and (ii) the discrimination practiced against nonresidents bears a substantial relationship to the State's objective." Plaintiff argues defendants are liable for discrimination in violation of the Clause because the MREC and its commission members unjustifiably charge him greater application and renewal fees than a Missouri citizen.

Defendants oppose plaintiff's motion on the basis that he "has not shown that there are no material facts in dispute as to whether there is a substantial reason and State interest for the different treatment of Missouri and non-Missouri residents as it applies to real estate license renewal and application fees." Doc. 19 at 2. Defendants argue that because no discovery has been conducted in this case, the Court cannot accept plaintiff's assertion that there are no undisputed

3

material facts in this case relevant to the issue of whether defendants have a substantial reason for the difference in treatment between Missouri and Illinois citizens. Plaintiff did not file a reply within the time permitted.

The Court agrees with defendants and finds plaintiff's motion for summary judgment to be prematurely filed. This case was filed on August 22, 2019. Doc. 1. Defendants filed their answer on October 18, 2019. Doc. 15. A case management order has not been issued in this case and, as far as the Court is aware, no formal discovery has occurred, no depositions have been taken, and no discovery requests have been served or answered.

Plaintiff's summary judgment motion is also procedurally defective because it does not comply with Local Rule 4.01(E)'s requirement that it be accompanied by a separately filed document titled Statement of Material Facts, "set[ting] forth each relevant fact in a separately numbered paragraph stating how each fact is established by the record, with appropriate supporting citation(s)." E.D. Mo. L.R. 4.01(E). Plaintiff's summary judgment motion incorporates his memorandum in support and contains sections titled "Statement of the Disputed Facts" and "Statement of the Undisputed Facts" that contain no discernable reference to a factual record and are incomprehensible.

Plaintiff fails to meet his initial burden to establish that there is no genuine dispute as to any material fact, or that he is entitled to judgment on liability as a matter of law. Plaintiff's motion for summary judgment will be denied without prejudice.

    B.    *Motion for Preliminary Injunction*

        1.    *Legal Standard*

"A district court's decision to issue a preliminary injunction 'depends upon a flexible consideration of (1) the threat of irreparable harm to the moving party; (2) balancing this harm

4

with any injury an injunction would inflict on other interested parties; (3) the probability that the moving party would succeed on the merits; and (4) the effect on the public interest.'" Richland/Wilkin Joint Powers Auth. v. United States Army Corps of Engineers, 826 F.3d 1030, 1036 (8th Cir. 2016) (quoting Planned Parenthood Minn., N.D., S.D. v. Rounds, 530 F.3d 724, 729 n.3 (8th Cir. 2008) (en banc) (citing Dataphase Systems, Inc. v. C L Systems, Inc., 640 F.2d 109, 113 (8th Cir. 1981) (en banc)).

A preliminary injunction is an extraordinary remedy and the party seeking injunctive relief bears the burden of proving these factors weigh in its favor. Management Registry, Inc. v. A.W. Cos., Inc., 920 F.3d 1181, 1183 (8th Cir. 2019) (citing Watkins Inc. v. Lewis, 346 F.3d 841, 844 (8th Cir. 2003)). The primary purpose of an injunction is to maintain the status quo, not to provide the party the ultimate relief it seeks. See Sanborn Mfg. Co., Inc. v. Campbell Hausfeld/Scott Fetzer Co., 997 F.2d 484, 490 (8th Cir. 1993); Dataphase, 640 F.2d at 113; Devose v. Herrington, 42 F.3d 470, 471 (8th Cir. 1994) ("A court issues injunctive relief in a lawsuit to preserve the status quo and prevent irreparable harm until the court has an opportunity to rule on the lawsuit's merits.").

"[T]he failure to demonstrate the threat of irreparable harm is, by itself, a sufficient ground upon which to deny a motion for preliminary injunction." Starbird v. Mercy Health Plans, Inc., 2007 WL 3352348, at *1 (E.D. Mo. Nov. 9, 2007) (citing Adam-Mellang v. Apartment Search, Inc., 96 F.3d 297, 299 (8th Cir. 1996)). "The threshold inquiry is whether movant establishes it will suffer irreparable harm in the course of litigation that is not rectifiable by a final judgment. If this factor is not established, then the request for preliminary injunction may be denied and consideration of the other factors is not required." Id. (citing Gelco Corp. v. Coniston Partners, 811 F.2d 414, 418 (8th Cir. 1987)). "[A] party must show that the harm is certain and great and

5

of such imminence that there is a clear and present need for equitable relief." Roudachevski v. All-American Care Centers, Inc., 648 F.3d 701, 707 (8th Cir. 2011).

2. *Discussion*

Plaintiff's motion for preliminary injunction is almost identical to his motion for summary judgment except that he changed the legal standard and included the following conclusory paragraph:

> [Plaintiff] and other non-Missouri citizens will continue to incur illegal, discriminatory fees every second that non-Missouri citizens are charged higher fees as aforesaid and prospective licensees pay fees. The balance of harm is minimal to the State [sic] has the resources to hold off on cashing checks if it desired. If relief is not granted, MREC and its commission membership will hide behind Eleventh Amendment Immunity to hold onto [sic] every penny they have overcharged the public. They have already raised the immunity. The probability that [plaintiff] will succeed on the merits is high, as aforesaid. Finally, the public interest would be served by immediately forcing MREC and its membership to cease charging and collecting higher fees from non-Missouri residents.

Doc. 17 at 6-7.

Nowhere in his motion does plaintiff address how he will suffer irreparable harm in the course of this litigation that cannot be solved by a final judgment, or how an injunction maintains the status quo rather than giving him the relief he seeks on the merits. See Starbird, 2007 WL 3352348, at *1 ("[T]he failure to demonstrate the threat of irreparable harm is, by itself, a sufficient ground upon which to deny a motion for preliminary injunction."); Devose, 42 F.3d at 471 ("A court issues injunctive relief in a lawsuit to preserve the status quo and prevent irreparable harm until the court has an opportunity to rule on the lawsuit's merits."). Thus, the Court will deny plaintiff's motion for preliminary injunction.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff Kevin Barbier's motion for partial summary judgment on liability pursuant to Federal Rule of Civil Procedure 56(a) is **DENIED without prejudice**. [Doc. 16].

**IT IS FURTHER ORDERED** that plaintiff Kevin Barbier's motion for preliminary injunction is **DENIED**. [Doc. 17].

_____
**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this  20th  day of December, 2019.